Arthur K. Cunningham, SBN 97506
  E-Mail: Arthur.Cunningham@LewisBrisbois.Com
James C. Packer, SBN 77675
  E-Mail: James.Packer@LewisBrisbois.Com
LEWIS BRISBOIS BISGAARD & SMITH LLP
650 East Hospitality Lane, Suite 600
San Bernardino, California 92408
Telephone: (909) 387-1130
Facsimile: (909) 387-1138

Christopher D. Lockwood, SBN 110853
  E-Mail: Christopher.Lockwood@AriasLockwood.com
ARIAS & LOCKWOOD
1881 S. Business Center Drive, Suite 9A
San Bernardino, CA 92408
Telephone: (909) 890-0125
Facsimile: (909) 890-0185

Attorneys for Defendants County of Riverside, Sheriff Stanley Sniff, Jerry Gutierrez, Deputy McCollum, Deputy P. Salazar, Deputy Jonathan Toan, and Sergeant Christopher Wedel

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MANZO, by and through his Conservator, Genoveva Manzo,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF RIVERSIDE; STANLEY SNIFF, Sheriff of Riverside County; ANDREW SHOUSE, Captain of Robert Presley Detention Center; JERRY GUTIERREZ, Corrections Assistant Sheriff; Deputy MCCOLLUM; Deputy P. SALAZAR; Deputy JONATHAN TOAN; Sergeant CHRISTOPHER WEDEL; Nurse ENEKA; KEVIN SANCHEZ; ROSS LUSTED; and DOES 1 through 125,<br><br>　　　　　　Defendants. | CASE NO.: 5:17-cv-1165 JGB (Sp)<br><br>PROTECTIVE ORDER |

1

It is hereby ORDERED:

1. Parties may designate as "Confidential" such documents and information produced by them that they respectively believe in good faith constitute, contain or reflect confidential information, and shall so mark such documents. (Such materials are hereinafter referred to as "Confidential Materials.") The protections conferred by this Order cover not only Confidential Materials (as defined above), but also (1) any information copied or extracted from Confidential Materials; (2) all copies, excerpts, summaries, or compilations of Confidential Materials; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Materials.

2. Documents and information designated as Confidential shall be limited to the following:

(a) Plaintiffs seek the discovery of certain documents and information relating to peace officer personnel records and peace officer personnel investigation files. Some of the documents relevant to this case include personal cell phone numbers of peace officers. Those records are confidential under California *Evidence Code* § 1043-1047 and *Penal Code* section 832.7, and are discoverable only pursuant to a protective order. *Doe v. City of San Diego*, 2013 U.S. Dist. Lexis 35048 (S.D.Cal. 2013).

(b) Plaintiffs may request videos depicting portions of the inside of a Riverside County jail. The videos may depict matters which could affect jail security.

(c) Plaintiffs may inspect a Riverside County jail and may obtain photographs during the inspection. Some of the photographs may depict matters which could affect jail security.

3. Designation of documents as Confidential Materials shall be accomplished either by placing on the first page of each document to be so designated a stamp or notice "Confidential – page _____ of _____" in such a manner as will not interfere with the legibility thereof, or by affixing a "Confidential" stamp or designation to non-paper documents, such as CDs.

4. Access to Confidential Materials and the information they contain or reflect shall be strictly limited to:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at other proceedings in this case;

    c. the parties;

    d. designated expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court and its employees; and

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action.

    g. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

5. Counsel may, to the extent necessary for the prosecution or defense of this action, in good faith make Confidential Materials available to expert witnesses and consultants provided that, prior to delivering Confidential Materials to the expert or consultant, counsel shall obtain from the expert/consultant an undertaking in the following form signed and dated by the expert/consultant:

"I hereby acknowledge that I am to receive information and/or documents designated as confidential pursuant to the terms of a Protective Order in Civil Action No. 17-cv-1165 JGB (Sp), entitled *Manzo v. County of Riverside et al*., pending in the United States District Court for the Central District of California. I acknowledge receipt of a copy of that Protective order and certify that I have read it and that I agree to be bound by the terms and restrictions set forth therein. I further agree that any information designated confidential pursuant thereto which is delivered to me will be segregated and kept by me in a safe place, and will not be made known to others except in accordance with the

terms of said protective order. I also agree to dispose of all such confidential documents and all summaries or other documents containing knowledge or information obtained therefrom in such manner as I may be instructed after completing my services."

6. Counsel and the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this order and the limitations on its use and disclosure. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. If any documents or information designated as confidential are used at deposition, the relevant portions of any such deposition transcript shall be subject to the terms of this Protective order unless there has been a prior stipulation or order designating the document or information as non-confidential.

8. If any document or information which has been designated as confidential is filed with the court prior to trial, it shall be filed in a sealed envelope along with an application for filing under seal as provided in Local Civil Rule 79-5.1, unless there has been a prior stipulation or order designating the document or information as non-confidential.

9. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Confidential, that party must:

(a) Promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order.

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is

subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected. If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as confidential before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

10. The parties may stipulate that a document or item of information originally designated as confidential is not confidential. If a party contends a document or item of information should not be considered confidential, and an agreement cannot be reached, the party may apply to the court in compliance with Local Rule 37 for an order that the document information is not covered by this protective order.

11. Upon termination of this action by settlement or by judgment and completion of all appellate proceedings, all documents and material designated or treated as Confidential Materials pursuant to this Order shall promptly (not later than 30 days following termination of the action) be delivered to counsel for the Defendants as the case may be, or disposed of pursuant to further agreement of the parties or order of the court.

12. The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. If a party believes that the provisions of this Protective Order have been violated, the party may apply to the Court for sanctions or other appropriate relief pursuant to Fed. R. Civ. P. 37.

13. Any use of confidential documents or information at trial shall be governed by the orders of the trial judge. This Order does not govern the use of confidential documents or information at trial.

14. This Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to assess monetary sanctions or other relief and to resolve any dispute concerning the use of the documents and information disclosed pursuant to this Protective Order.

IT IS SO ORDERED.

Dated: February 7, 2018

_____
United States Magistrate Judge