1  Arthur K. Cunningham, SBN 97506
   Arthur.Cunningham@LewisBrisbois.Com
2  James C. Packer, SBN 77675
   James.Packer@LewisBrisbois.Com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   650 East Hospitality Lane, Suite 600
4  San Bernardino, California  92408
   (909) 387-1130 - Phone
5  (909) 387-1138 - Fax

6  Christopher D. Lockwood, SBN 110853
   christopher.lockwood@AriasLockwood.com
7  **Arias & Lockwood, Attorneys at Law**
   1881 S. Business Center Drive, Suite 9A
8  San Bernardino, California 92408
   (909) 890-0125 - Phone
9  (909) 890-0185 - Fax

10 Attorneys for Defendants County of Riverside, Sheriff Stanley Sniff, William DiYorio,
   Jerry Gutierrez, Deputy McCollum, Deputy P. Salazar, Deputy Matthew Bell, Deputy
11 Dominguez, Deputy Monzon, Deputy Bresyn, Sgt. Stone, Deputy Griesinger, Deputy
   Mitchell, Deputy Jesus Perez, Deputy Jonathan Toan, Sergeant Christopher Wedel
12

13               UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

15

16 DAVID MANZO, by and through his          )   CASE NO.:   5:17-cv-1165 JGB (Sp)
   Conservator, Genoveva Manzo,             )
17                                           )   ANSWER TO **THIRD** AMENDED
18          Plaintiff,                       )   COMPLAINT   BY   DEFENDANTS
                                             )   **COUNTY OF RIVERSIDE, SHERIFF**
19     vs.                                   )   **STANLEY   SNIFF,   WILLIAM**
                                             )   **DIYORIO,   JERRY   GUTIERREZ,**
20 COUNTY OF RIVERSIDE; STANLEY             )   **DEPUTY MATTHEW BELL, DEPUTY**
   SNIFF, Sheriff of Riverside County;      )   **DOMINGUEZ,   DEPUTY   MONZON,**
21 ANDREW SHOUSE, Captain of Robert         )   **DEPUTY   BRESYN,   SGT.   STONE,**
   Presley Detention Center; JERRY          )   **DEPUTY   GRIESINGER,   DEPUTY**
22 GUTIERREZ, Corrections Assistant         )   **MITCHELL, DEPUTY JESUS PEREZ,**
   Sheriff; Deputy MCCOLLUM; Deputy         )   **DEPUTY   JONATHAN   TOAN,**
23 P. SALAZAR; Deputy JONATHAN             )   **SERGEANT CHRISTOPHER WEDEL**
   TOAN; Sergeant CHRISTOPHER               )
24 WEDEL; Nurse ENEKA; KEVIN               )   DEMAND FOR TRIAL BY JURY
   SANCHEZ; ROSS LUSTED; and DOES          )
25 1 through 125,                           )
                                            )
26          Defendants.                     )
                                            )
27 _____)

28

1

Defendants **County of Riverside, Sheriff Stanley Sniff, William DiYorio, Jerry Gutierrez, Deputy Matthew Bell, Deputy Dominguez, Deputy Monzon, Deputy Bresyn, Sgt. Stone, Deputy Griesinger, Deputy Mitchell, Deputy Jesus Perez, Deputy Jonathan Toan, Sergeant Christopher Wedel**[1] answer the third amended complaint as follows:

*Unnumbered preliminary statement*

The allegations are denied.

*Jurisdiction*

1. Federal jurisdiction is admitted.

*Venue*

2. Venue is admitted. It is denied there were any unlawful acts or practices.

*Claim requirements*

3. It is admitted that plaintiff filed a claim for damages. It is denied that the claim mentions all of the defendants named in the third amended complaint.

*Conservatorship established*

4. The allegations are denied for lack of information and belief.

*Parties*

5. The allegations are admitted.

6. It is denied that the Sheriff's Department is an "agency" of the County of Riverside. As its name states, it is a Department. The other allegations are admitted.

7. It is admitted that Sheriff Sniff is the elected Sheriff for the County of Riverside, and as Sheriff he is the ultimate policy maker for the Sheriff's Department of the County of Riverside. The other allegations are denied.

8. It is admitted that William DiYorio is the Undersheriff for the County of Riverside and in that role assists Sheriff Sniff in supervising the Sheriff's Department for the County of Riverside. The other allegations are denied.

---

[1]Defendants Deputy Salazar and Deputy McCollum filed an answer to the third amended complaint previously. (Docket number 94)

2

9.  It is admitted that Jerry Gutierrez is an Assistant Sheriff for the County of Riverside and in that role assists Sheriff Sniff in supervising the Corrections Division of the Sheriff's Department for the County of Riverside.  The other allegations are denied.

10.  It is admitted that Andrew Shouse was a captain for the Sheriff's Department for the County of Riverside and was the captain for the Robert Presley Detention Center.  The other allegations are denied.

11.  It is admitted that Matthew Bell was a deputy sheriff employed by the County of Riverside and that he was assigned to the Robert Presley Detention Center. It is admitted that he had some contact with plaintiff on October 25, 2016.  The remaining allegations are denied.

12.  It is admitted that Deputy Dominguez was a deputy sheriff employed by the County of Riverside and that he was assigned to the Robert Presley Detention Center. It is admitted that he had some contact with plaintiff on October 25, 2016.  The remaining allegations are denied.

13.  It is admitted that Deputy Monzon was a deputy sheriff employed by the County of Riverside and that he was assigned to the Robert Presley Detention Center. It is admitted that he had some contact with plaintiff on October 25, 2016.  The remaining allegations are denied.

14.  It is admitted that Deputy Bresyn was a deputy sheriff employed by the County of Riverside and that he was assigned to the Robert Presley Detention Center. The remaining allegations are denied.

15.  It is admitted that Sergeant Stone was a deputy sheriff employed by the County of Riverside and that he was assigned to the Robert Presley Detention Center. The remaining allegations are denied.

16.  It is admitted that Deputy Griesinger was a deputy sheriff employed by the County of Riverside and that he was assigned to the Robert Presley Detention Center. The remaining allegations are denied.

17.  It is admitted that Deputy Mitchell was a deputy sheriff employed by the County of Riverside and that he was assigned to the Robert Presley Detention Center. The remaining allegations are denied.

18.  It is admitted that Deputy Perez was a deputy sheriff employed by the County of Riverside and that he was assigned to the Robert Presley Detention Center. The remaining allegations are denied.

19.  It is admitted that Sergeant Wedel was a deputy sheriff employed by the County of Riverside and that he was assigned to the Robert Presley Detention Center. The remaining allegations are denied.

20.  It is admitted that Deputy Toan was a deputy sheriff employed by the County of Riverside and that he was assigned to the Robert Presley Detention Center. The remaining allegations are denied.

21.  It is admitted that nurse Akpamgbo was employed by the County of Riverside as a nurse in the Robert Presley Detention Center. The remaining allegations are denied.

22.  It is admitted that nurse Kim was employed by the County of Riverside as a nurse in the Robert Presley Detention Center. The remaining allegations are denied.

23.  It is admitted that nurse Cortez was employed by the County of Riverside as a nurse in the Robert Presley Detention Center. The remaining allegations are denied.

24.  The allegations are admitted.

25.  The allegations are admitted.

26.  It is admitted that Kevin Sanchez was an inmate at the Robert Presley Detention Center on October 25, 2016. The remaining allegations are denied for lack of information and belief.

27.  It is admitted that Ross Lusted was an inmate at the Robert Presley Detention Center on October 25, 2016. The remaining allegations are denied for lack of information and belief.

4

28.  This paragraph references unidentified people.  The allegations are denied for lack of information and belief.

29.  This paragraph references unidentified people.  The allegations are denied for lack of information and belief.

30.  This paragraph references unidentified people.  The allegations are denied for lack of information and belief.

31.  This paragraph references unidentified people.  The allegations are denied for lack of information and belief.

32.  It is admitted that the named deputy and nurse defendants who had contact with plaintiff or who observed plaintiff were acting in the course and scope of employment at the times they had contact with plaintiff or observed him.  Allegations about unidentified people are denied for lack of information and belief.  The remaining allegations are denied.

*Statement of facts*

33.  It is admitted that on September 5, 2016, deputies Salazar and McCollum responded to a call for service in Perris, California.  The remaining allegations are denied or are denied for lack of information and belief.

34. The allegations are denied.

35.  It is admitted that on September 5, 2016 plaintiff hit deputy Salazar with a lit cigarette and it is admitted that plaintiff was arrested and booked into custody. It is admitted that plaintiff was later transferred to the Robert Presley Detention Center. The remaining allegations are denied.

36.  The allegations are denied.

37.  The allegations are denied.

38. The allegations are denied.

39.  It is admitted that Jerry Gutierrez is an Assistant Sheriff for the County of Riverside and in that role assists Sheriff Sniff in supervising the Corrections Division of the Sheriff's Department for the County of Riverside.  It is admitted that the County

has policies applicable to jails in general and has procedures applicable to specific jails. The remaining allegations are denied.

40.  It is admitted that on October 25, 2016, while plaintiff was in dayroom 5A of the Robert Presley Detention Center, inmate Sanchez struck plaintiff.  Allegations concerning inmate Lunsted are denied for lack of information and belief.  It is admitted that at least one deputy was in the pod office for dayroom 5A on October 25, 2016. The remaining allegations are denied.

41.  It is admitted that the altercation between plaintiff and inmate Sanchez was recorded on video.  The remaining allegations are denied.

42.  It is admitted that after inmate Sanchez struck plaintiff, a deputy directed other inmates to return to their cells.  The remaining allegations are denied.

43.  The allegations are denied.

44.  It is admitted that deputies in the jail have access to the JIMS system.  The remaining allegations are denied.

45.  The allegations are denied.

46.  The allegations are denied.

47.  It is admitted that the jail has equipment which allows deputies to lock cell doors.  The remaining allegations are denied.

48.  The allegations are denied.

49.  It is admitted that deputies entered the dayroom in order to stop inmates from further injuring plaintiff.  The remaining allegations are denied.

50.  The allegations are denied.

51.  The allegations are denied.

52.  It admitted that this paragraph paraphrases one portion of a report.  The remaining allegations are denied.

53.  It admitted that this paragraph paraphrases one portion of a report.  The remaining allegations are denied.

54.  It admitted that this paragraph paraphrases one portion of a report.  The

remaining allegations are denied.

55.  It admitted that this paragraph paraphrases one portion of a report.  The remaining allegations are denied.

56.  It admitted that this paragraph paraphrases one portion of a report.  The remaining allegations are denied.

57.  It admitted that this paragraph paraphrases one portion of a report.  The remaining allegations are denied.

58. The allegations are denied.

54.  It admitted that this paragraph paraphrases one portion of a report.  The remaining allegations are denied.

55.  It admitted that this paragraph paraphrases one portion of a report.  The remaining allegations are denied.

56.  The allegations are denied.

57.  It admitted that this paragraph paraphrases one portion of a report.  The remaining allegations are denied.

58.  The allegations are denied.

59.  It is admitted that deputies Bell, Dominguez and Monzon were deputy sheriffs assigned to the Robert Presley Detention Center, and that they had some contact with plaintiff.  The remaining allegations are denied.

60.  The allegations are denied.

61.  It is admitted that deputies Bell, Dominguez and Monzon were deputy sheriffs assigned to the Robert Presley Detention Center, and that they had some contact with plaintiff.  The remaining allegations are denied.

62. The allegations are denied.

63.  The allegations are denied.

64. It is admitted that plaintiff was transported by wheelchair.  The remaining allegations are denied.

65.  The allegations are denied.

66. The allegations are denied.

67. It is admitted that sergeants Stone and Wedel were sergeants assigned to the Robert Presley Detention Center. The remaining allegations are denied.

68. The allegations are denied.

69. The allegations are denied.

70. The allegations are denied.

71. The allegations are denied.

72. It is admitted that on February 18, 2015, Eddy Soriano was an inmate at the Robert Presley Detention Center. It is admitted that on February 18, 2015, Stanley Sniff, William Di Yorio, Jerry Gutierrez, Andrew Shouse, Stone, Christopher Wedel were employees of the Riverside County Sheriff's Department. The remaining allegations are denied.

73. It is admitted that on February 18, 2015, Eddy Soriano was beaten by his cellmate, and that the incident was investigated. It is admitted that plaintiff's counsel previously filed a lawsuit on behalf of Mr. Soriano. The remaining allegations are denied.

74. The allegations are denied.

75. The allegations are denied.

76. The allegations are denied.

77. The allegations are denied.

78. It is admitted that inmates have been injured in County jails by other inmates. The remaining allegations are denied.

79. It is admitted that all Riverside County deputy sheriffs complete training which complies with POST standards. It is denied for lack information and belief whether every single deputy, including unidentified doe defendants, had the specific training alleged in this paragraph.

80. The allegations are denied.

81. The allegations are denied.

82.  The allegations are denied.

83   This paragraph mostly makes legal contentions.  It is admitted that the County of Riverside provides medical care for inmates in County custody.  The remaining factual allegations are denied.

84.  This paragraph mostly makes legal contentions.  It is admitted that the Sheriff's Department has a field operations manual. The remaining allegations are denied.

85.  It is admitted that the Sheriff's Department has general orders.  The remaining allegations are denied.

86.  It is admitted that the Sheriff's Department has captains to whom specific tasks are assigned.  The remaining allegations are denied.

87.  The allegations are denied.

88.  This paragraph mostly makes legal contentions.  It is admitted that the Sheriff's Department has policies and procedures which govern its employees and which provide grounds for discipline.  The remaining allegations are denied.

89.  This paragraph mostly makes legal contentions.  It is admitted that the Sheriff's Department has policies and procedures which govern its employees and which provide grounds for discipline.  The remaining allegations are denied.

90.  This paragraph mostly makes legal contentions.  It is admitted that California law sets training standards for law enforcement officers.  The remaining allegations are denied.

91. It is admitted that the policy manual addresses medical care.  It is denied that this paragraph quotes the manual or that the allegations completely and accurately address the provisions of the manual.  The remaining allegations are denied.

92.  This paragraph mostly makes legal contentions.  It is admitted that the Sheriff's Department has policies and procedures which address training of employees. The remaining allegations are denied.

93.  This paragraph mostly makes legal contentions.  Any intended factual

allegations are denied.

94.  The allegations are denied.

95.  It is admitted that the Gray v. County of Riverside lawsuit was filed and settled.  The remaining allegations are denied.

96.  It is admitted that the Gray v. County of Riverside lawsuit was filed and settled.  The remaining allegations are denied.

97.  The allegations are denied.

98.  The allegations are denied.

99.  The allegations are denied.

100.  The allegations are denied.

*Damages*

101.  The allegations are denied.

102.  The allegations are denied.

*First claim*

103.  The court dismissed this claim without leave to amend.  The responses to incorporated paragraphs are incorporated by reference.

104.  The court dismissed this claim without leave to amend.  It is admitted that on October 25, 2016, plaintiff was injured by inmate Sanchez.  The allegations as to injuries inflicted by inmate Lunsted are denied based upon lack of information and belief.  The remaining allegations are denied.

105.  The court dismissed this claim without leave to amend.  It is admitted that on October 25, 2016, plaintiff was a pretrial detainee.  The rest of this paragraph makes legal contentions.  Any intended factual allegations are denied.

106.  The court dismissed this claim without leave to amend.  The allegations are denied.

107.  The court dismissed this claim without leave to amend.  It is ambiguous what plaintiff means by "at all times."  It is admitted that at the time they had contact with or observed plaintiff, defendants who observed or had contact with plaintiff acted

in the course and scope of their employment. It is denied that they acted in the course and scope of their employment at all other unstated times. Allegations about unidentified people are denied for lack of information and belief.

108. The court dismissed this claim without leave to amend. The allegations are denied.

109. The court dismissed this claim without leave to amend. The allegations are denied.

110. The court dismissed this claim without leave to amend. The allegations are denied.

111. The court dismissed this claim without leave to amend. The allegations are denied.

112. The court dismissed this claim without leave to amend. The allegations are denied.

113. The court dismissed this claim without leave to amend. The allegations are denied.

114. The court dismissed this claim without leave to amend. The allegations are denied.

115. The court dismissed this claim without leave to amend. It admitted that this paragraph partly paraphrases one portion of an affidavit in support of an arrest warrant. The remaining allegations are denied.

116. The court dismissed this claim without leave to amend. The allegations are denied.

117. The court dismissed this claim without leave to amend. The allegations are denied.

118. The court dismissed this claim without leave to amend. The allegations are denied.

*Second claim*

119. The responses to incorporated paragraphs are incorporated by reference.

120.  The court dismissed portion of this claim which allege failure to intervene in the fight among inmates without leave to amend.  The allegations are denied.

121.  The court dismissed portion of this claim which allege failure to intervene in the fight among inmates without leave to amend.  The allegations are denied.

122.  The court dismissed portion of this claim which allege failure to intervene in the fight among inmates without leave to amend.  The allegations are denied.

123.  The court dismissed portion of this claim which allege failure to intervene in the fight among inmates without leave to amend.  The allegations are denied.

124.  The court dismissed portion of this claim which allege failure to intervene in the fight among inmates without leave to amend.  The allegations are denied.

125.  The court dismissed portion of this claim which allege failure to intervene in the fight among inmates without leave to amend.  The allegations are denied.

126.  The court dismissed portion of this claim which allege failure to intervene in the fight among inmates without leave to amend.  The allegations are denied.

127.  The court dismissed portion of this claim which allege failure to intervene in the fight among inmates without leave to amend.  The allegations are denied.

*Third claim*

128.  The responses to incorporated paragraphs are incorporated by reference.

129.  This paragraph mostly makes legal contentions.  Any intended factual allegations are denied.

130.  This paragraph mostly makes legal contentions.  Any intended factual allegations are denied.

131.  The allegations are denied.

132.  This paragraph mostly makes legal contentions.  Any intended factual allegations are denied.

133.  The allegations are denied.

134.  The allegations are denied.

135.  The allegations are denied.

136.  The allegations are denied.

137.  The allegations are denied.

138. The allegations are denied.

139.  The allegations are denied.

140.  The allegations are denied.

141.  The allegations are denied.

142.  It is admitted that Sheriff Sniff had authority to enact policies for County jails.  It admitted that Sheriff Sniff, Assistant Sheriff DiYorio, and Chief Deputy Gutierrez have supervisory authority over deputies.  It admitted that former Captain Shouse and Sergeants Wedel and Stone have some supervisory authority over deputies. The remaining allegations are denied.

143.  The allegations are denied.

144.  The allegations are denied.

145.  The allegations are denied.

146.  The allegations are denied.

*Fourth claim*

147.  The court dismissed this claim without leave to amend. The responses to incorporated paragraphs are incorporated by reference.

148.  The court dismissed this claim without leave to amend.  This paragraph makes legal contentions.  Any intended factual allegations are denied.

149.  The court dismissed this claim without leave to amend.  This paragraph makes legal contentions.  Any intended factual allegations are denied.

150.  The court dismissed this claim without leave to amend.  The allegations are denied.

151.  The court dismissed this claim without leave to amend.  This paragraph makes legal contentions.  Any intended factual allegations are denied.

152.  The court dismissed this claim without leave to amend.  The allegations are denied.

13

153. The court dismissed this claim without leave to amend. The allegations are denied.

154. The court dismissed this claim without leave to amend. The allegations are denied.

155. The court dismissed this claim without leave to amend. The allegations are denied.

156. The court dismissed this claim without leave to amend. The allegations are denied.

157. The court dismissed this claim without leave to amend. The allegations are denied.

158. The court dismissed this claim without leave to amend. The allegations are denied.

159. The court dismissed this claim without leave to amend. The allegations are denied.

160. The court dismissed this claim without leave to amend. The allegations are denied.

161. The court dismissed this claim without leave to amend. The allegations are denied.

162. The court dismissed this claim without leave to amend. The allegations are denied.

163. The court dismissed this claim without leave to amend. The allegations are denied.

164. The court dismissed this claim without leave to amend. The allegations are denied.

165. The court dismissed this claim without leave to amend. The allegations are denied.

166. The court dismissed this claim without leave to amend. The allegations are denied.

167.  The court dismissed this claim without leave to amend.  The allegations are denied.

168.  The court dismissed this claim without leave to amend.  The allegations are denied.

169.  The court dismissed this claim without leave to amend.  The allegations are denied.

170.  This claim is not against these answering defendants.  The allegations are denied.

*Fifth claim*

171.  The responses to incorporated paragraphs are incorporated by reference.

172.  The allegations are denied.

173.  The allegations are denied.

174. It is admitted that the Gray v. County of Riverside lawsuit was filed and settled.  The remaining allegations are denied.

175. It is admitted that the Gray v. County of Riverside lawsuit was filed and settled.  The remaining allegations are denied.

176.  It is admitted that the Gray v. County of Riverside lawsuit was filed and settled.  The remaining allegations are denied.

177.  The allegations are denied.

178.  The allegations are denied.

179.  The allegations are denied.

180.  The allegations are denied for lack of information and belief.

181.  The allegations are denied.

182.  The allegations are denied.

183.  The allegations are denied.

184.  The allegations are denied.

185.  The allegations are denied.

186.  The allegations are denied.

187.  The allegations are denied.

188.  The allegations are denied.

189.  The allegations are denied.

190.  The allegations are denied.

191.  The allegations are denied.

192.  The allegations are denied.

193.  The allegations are denied.

194.  The allegations are denied.

195.  The allegations are denied.

196.  The allegations are denied.

197.  The allegations are denied.

198.  The allegations are denied.

199.  The allegations are denied.

200.  The allegations are denied.

201.  The allegations are denied.

202.  The allegations are denied.

203.  The allegations are denied.

204.  The allegations are denied.

205.  The allegations are denied.

*Sixth claim*

206.  This claim is not against these answering defendants.  The responses to incorporated paragraphs are incorporated by reference.

207.  This claim is not against these answering defendants.  This paragraph mostly makes legal contentions.  Any intended factual  allegations are denied.

208.  This claim is not against these answering defendants.  This paragraph mostly makes legal contentions.  Any intended factual  allegations are denied.

209. This claim is not against these answering defendants.  The allegations are denied.

210. This claim is not against these answering defendants. The allegations are denied.

211. This claim is not against these answering defendants. The allegations are denied.

212. This claim is not against these answering defendants. The allegations are denied.

*Seventh claim*

213. The responses to incorporated paragraphs are incorporated by reference.

214. This paragraph mostly makes legal contentions. Any intended factual allegations are denied.

215. This paragraph mostly makes legal contentions. It is admitted that the specified people were County employees. Any other intended factual allegations are denied.

216. This paragraph mostly makes legal contentions. Any intended factual allegations are denied.

217. The allegations are denied.

218. The allegations are denied.

219. This paragraph mostly makes legal contentions. Any intended factual allegations are denied.

220. The allegations are denied.

221. The allegations are denied.

222. It is admitted that this paragraph partly paraphrases a report. The remaining allegations are denied.

223. It is admitted that this paragraph partly paraphrases a report. The remaining allegations are denied.

224. It is admitted that this paragraph partly paraphrases a report. The remaining allegations are denied.

225. It is admitted that this paragraph partly paraphrases a report. The

17

remaining allegations are denied.

226.  The allegations are denied.

227.  The allegations are denied.

228.  It is admitted that this paragraph partly paraphrases a report.  The remaining allegations are denied.

229.  The allegations are denied.

230.  The allegations are denied.

231.  The allegations are denied.

232.  It is admitted that the three specified people (who are inaccurately named) are nurses who were acting in the course and scope of them employment during interactions with plaintiff.  The remaining allegations are denied.

233.  This claim is not against these answering defendants.  This paragraph mostly makes legal contentions.  Any intended factual allegations are denied.

234.  It is admitted that the three specified people (who are inaccurately named) are nurses who were acting in the course and scope of them employment during interactions with plaintiff.  The remaining allegations are denied.

235.  This claim is not against these answering defendants. The allegations are denied.

236.  This claim is not against these answering defendants. The allegations are denied.

237.  The allegations are denied.

238.  This paragraph mostly makes legal contentions.  Any intended factual allegations are denied.

239.  The allegations are denied.

240.  This paragraph mostly makes legal contentions.  Any intended factual allegations are denied.

241.  The allegations are denied.

242.  The allegations are denied.

243.  The allegations are denied.

*Eighth claim*

244.  This claim is not against these answering defendants.  The responses to incorporated paragraphs are incorporated by reference.

245.  This claim is not against these answering defendants.  The allegations are denied.

246.  This claim is not against these answering defendants.  The allegations are denied.

247. This claim is not against these answering defendants.  The allegations are denied.

248.  This claim is not against these answering defendants.  The allegations are denied.

249.  This claim is not against these answering defendants.  The allegations are denied.

250.  This claim is not against these answering defendants.  The allegations are denied.

251. This claim is not against these answering defendants.  The allegations are denied.

252.  This claim is not against these answering defendants.  The allegations are denied.

*Ninth claim*

253. This claim is not against these answering defendants.  The responses to incorporated paragraphs are incorporated by reference.

254.  This claim is not against these answering defendants.  It is admitted that plaintiff quoted a portion of the cited statute.

255.  This claim is not against these answering defendants.  This paragraph mostly makes legal contentions.  Any intended factual allegations are denied.

256.  This claim is not against these answering defendants.  The allegations are

denied.

257. This claim is not against these answering defendants.  The allegations are denied.

258. This claim is not against these answering defendants.  The allegations are denied.

259. This claim is not against these answering defendants.  The allegations are denied.

260. This claim is not against these answering defendants.  The allegations are denied.

261. This claim is not against these answering defendants.  The allegations are denied.

*Tenth claim*

262. This claim is not against these answering defendants other than the County of Riverside.  The responses to incorporated paragraphs are incorporated by reference.

263. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

264. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

265. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

266. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

267. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

268. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

269.  This claim is not against most of these answering defendants.  The allegations are denied.

270. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

271. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

272. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

273. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

274. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

275. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

276. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

277. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

278. This claim is not against these answering defendants other than the County of Riverside.   The allegations are denied.

279. This claim is not against these answering defendants other than the County of Riverside.  The allegations are denied.

*Eleventh claim*

280. This claim is not against these answering defendants.  The responses to incorporated paragraphs are incorporated by reference.

281. This claim is not against these answering defendants.  The allegations concerning Sanchez are admitted.  The allegations concerning Lunsted are denied for lack of information and belief.

282. This claim is not against these answering defendants.  It is admitted that Sanchez injured plaintiff.  Allegations concerning inmate Lunsted are denied for lack

of information and belief.  Allegations about what plaintiff intends to prove at trial are denied for lack of information and belief.

283.  This claim is not against these answering defendants.  The allegations are denied for lack of information and belief.

284.  This claim is not against these answering defendants.  The allegations concerning inmate Sanchez are admitted.  Allegations concerning inmate Lunsted are denied for lack of information and belief.

285.  This claim is not against these answering defendants.  It is admitted that plaintiff was injured.  Allegations about the cause and extent of injuries are denied for lack of information and belief.

286.  This claim is not against these answering defendants.  This paragraph mostly makes legal contentions.  Any intended factual allegations are a matter for the trier of fact and cannot be admitted or denied by these defendants.

## AFFIRMATIVE DEFENSES

These answering defendants assert the following defenses:

1.  (Qualified immunity) The individual defendants are entitled to qualified immunity because either (a) the law was not clearly established or (b) a reasonable deputy familiar with the law could believe that defendants did not violate the federal Constitution.

2. (Comparative negligence - defense to state law claim)  Plaintiff's injuries and damages were caused in whole or in part by his own actions, by the actions of inmate Sanchez (and possibly inmate Lunsted), and by the actions of others.

3.  (Failure to mitigate) Plaintiff has failed to mitigate his claimed damages.

4.  (State law immunities - state law claim)  Defendants are immune pursuant to Government Code § 820.2, 820.8, 845.2, 845.6, 855.6, 855.8, and 856.

5.  (State law defense)  Defendants assert the provisions of Civil Code § 1431.2.

**PRAYER**

Wherefore defendants County of Riverside, Sheriff Stanley Sniff, William DiYorio, Jerry Gutierrez, Deputy Matthew Bell, Deputy Dominguez, Deputy Monzon, Deputy Bresyn, Sgt. Stone, Deputy Griesinger, Deputy Mitchell, Deputy Jesus Perez, Deputy Jonathan Toan, Sergeant Christopher Wedel pray for the following:

1.  Judgment in favor of defendants and against plaintiff.

2.  Costs of suit and reasonable attorney's fees.

3.  Such other and further relief as the court may deem proper.

DATED: August 8, 2018                     ARIAS AND LOCKWOOD


_____/s/_____
Christopher D. Lockwood
Attorneys for defendants County of Riverside,
Sheriff Stanley Sniff, William DiYorio, Jerry
Gutierrez, Deputy McCollum, Deputy P.
Salazar, Deputy Matthew Bell, Deputy
Dominguez, Deputy Monzon, Deputy Bresyn,
Sgt. Stone, Deputy Griesinger, Deputy
Mitchell, Deputy Jesus Perez, Deputy Jonathan
Toan, Sergeant Christopher Wedel

**DEMAND FOR TRIAL BY JURY**

Defendants County of Riverside, Sheriff Stanley Sniff, William DiYorio, Jerry Gutierrez, Deputy Matthew Bell, Deputy Dominguez, Deputy Monzon, Deputy Bresyn, Sgt. Stone, Deputy Griesinger, Deputy Mitchell, Deputy Jesus Perez, Deputy Jonathan Toan, Sergeant Christopher Wedel demand trial by jury.

DATED: August 8, 2018                     ARIAS AND LOCKWOOD


_____/s/_____
Christopher D. Lockwood
Attorneys for defendants County of Riverside,
Sheriff Stanley Sniff, William DiYorio, Jerry
Gutierrez, Deputy McCollum, Deputy P.
Salazar, Deputy Matthew Bell, Deputy
Dominguez, Deputy Monzon, Deputy Bresyn,
Sgt. Stone, Deputy Griesinger, Deputy
Mitchell, Deputy Jesus Perez, Deputy Jonathan

1          Toan, Sergeant Christopher Wedel

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28